**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Damon CAUSEY, Defendant–Appellant.**

No. 04–30823.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 26, 2005.

Michael Edward McMahon, Diane Hollenshead Copes, Assistant U.S. Attorneys,

William P. Gibbens, U.S. Attorney's Office Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

Damon Causey, White Deer, PA, pro se.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Damon Causey, federal prisoner # 24328–034, appeals the district court's dismissal with prejudice of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that Amendment 591 to the Federal Sentencing Guidelines, coupled with principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), demonstrate that his sentence should be reduced.

Amendment 591 made no downward modification to the guideline under which Causey was sentenced in 1996. *See* Amendment 591, U.S. Sentencing Guidelines Manual, Supp. to Appendix C, p. 30 (2002); U.S.S.G. § 2H1.1 (1995); U.S.S.G. § 2A1.1 (1995). The district court therefore did not abuse its discretion when it determined that Amendment 591 provided no bases for modification of Causey's sentence pursuant to 18 U.S.C. § 3582(c). *See United States v. Pardue*, 36 F.3d 429, 430 (5th Cir.1994).

ed and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moreover, to the extent that Causey seeks to challenge his sentence based on *Apprendi* and *Blakely* by filing a successive 28 U.S.C. § 2255 motion, he has failed to make the requisite prima facie showing either that his claim is based on newly discovered evidence or that he relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255; *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). He therefore does not meet the standard for filing a successive 28 U.S.C. § 2255 motion. *Elwood*, 408 F.3d at 212. The district court also did not err when it declined to address Causey's *Apprendi* claims, because Causey did not have permission of this court to proceed on a successive 28 U.S.C. § 2255 motion in the district court. *See* 28 U.S.C. § 2255.

The judgment of the district court is therefore AFFIRMED.